UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-11099-MJJ |
| JOHN DOE subscriber assigned IP address 98.217.255.213, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

May 6, 2024

JOUN, D.J.

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, [Doc. No. 7], and the Court does hereby:

**FIND, ORDER AND ADJUDGE**:

1. Plaintiff established that "good cause" exists for it to serve a third-party subpoena on Comcast Cable Communications, LLC (the "ISP"). *See e.g., Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203 (D.C. Cir. 2020).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and physical address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. The subpoena shall provide sufficient time to respond to allow the ISP to file objections or move to quash the subpoena should it so choose. Plaintiff shall attach to any such subpoena a copy of this Order and the

Court's Protective Order. Should the ISP move to quash the subpoena or file any other document, such filing should identify Defendant only by his IP address or the John Doe pseudonym, pending further order of this Court.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] it shall comply with 47 U.S.C. § 551(c)(2)[2] by sending a copy of this Order to the Defendant.

4. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge

---

[1] 47 U.S.C. § 522(5) defines the term "cable operator" to mean "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."

[2] 47 U.S.C. § 551(c)(2) states: "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."